**XIONG CHEN, Petitioner,**

v.

**Peter D. KEISLER,[1] Acting U.S. Attorney General, Respondent.**

**No. 06–5207–ag.**

United States Court of Appeals, Second Circuit.

Oct. 29, 2007.

---

1. Pursuant to Federal Rule of Appellate Procedure 43(c)(2), Acting Attorney General Peter D. Keisler is automatically substituted for former Attorney General Alberto R. Gonzales as a respondent in this case.

Yee Ling Poon, Robert Duk–Hwan Kim, New York, NY, for Petitioner.

Peter D. Keisler, Assistant Attorney General, Civil Division, U.S. Department of Justice, M. Jocelyn Lopez Wright, Assistant Director, Song E. Park, Attorney, Office of Immigration Litigation, Washington, D.C., for Respondent.

PRESENT: Hon. CHESTER J. STRAUB, Hon. SONIA SOTOMAYOR and Hon. REENA RAGGI, Circuit Judges.

### SUMMARY ORDER

Xiong Chen, a citizen of the People's Republic of China, seeks review of an October 25, 2006 order of the BIA affirming the April 6, 2005 decision of Immigration Judge ("IJ") Sandy K. Hom denying Chen's applications for asylum, withholding of removal, and relief under the Con-vention Against Torture ("CAT"). *In re Xiong Chen,* No. A98 347 581 (B.I.A. Oct. 25, 2006), *aff'g* No. A98 347 581 (Immig. Ct. N.Y. City Apr. 6, 2005). We assume the parties' familiarity with the underlying facts and procedural history of the case.

Because the BIA adopted the IJ's decision and further supplemented it, we review the decision of the IJ as supplemented by the BIA. *See Yan Chen v. Gonzales,* 417 F.3d 268, 271 (2d Cir.2005). We review agency findings of fact under the substantial evidence standard. *See Zhou Yun Zhang v. INS,* 386 F.3d 66, 73 (2d Cir.2004), *overruled in part on other grounds by Shi Liang Lin v. U.S. Dep't of Justice,* 494 F.3d 296 (2d Cir.2007). We review *de novo* questions of law and the application of law to undisputed fact. *See, e.g., Secaida–Rosales v. INS,* 331 F.3d 297, 307 (2d Cir.2003).

The agency reasonably denied Chen's asylum application based on his claim that he was persecuted for violating China's family planning policy. To the extent that Chen argues he is *per se* eligible for relief under INA § 601(a) based on his then-fiancée's forced abortion, such argument is foreclosed in our circuit by our decision in *Shi Liang Lin,* 494 F.3d at 314.

Furthermore, while it could be argued that Chen engaged in "other resistance" by arguing with family planning officials and trying to prevent them from taking his then-fiancée in order to perform an abortion, he did not demonstrate that he suffered harm amounting to past persecution or that officials would single him out for future persecution on account of that resistance. *See Matter of S–L–L–,* 24 I & N Dec. 1, 10 (BIA 2006); *see also Shi Liang Lin,* 494 F.3d at 313.

Furthermore, the agency reasonably denied Chen's religious persecution claim because he failed to demonstrate that he would continue to practice his newly adopted Christian faith in China and, even

assuming that he would, that he would be individually targeted for harm on that basis. *See* 8 C.F.R. § 208.13(b)(2)(iii). Thus, Chen's claimed fear of future persecution based on his religion was "speculative at best." *See Jian Xing Huang v. INS,* 421 F.3d 125, 129 (2d Cir.2005). To the extent that Chen refers to documents that were never submitted to the BIA, we decline to consider them. *See* 8 U.S.C. § 1252(b)(4)(A) ("[T]he court of appeals shall decide the petition only on the administrative record on which the order of removal is based . . .").

Because Chen was unable to show the objective likelihood of persecution needed to make out an asylum claim, he was necessarily unable to meet the higher standard required to succeed on his claims for withholding of removal and CAT relief where those claims were based on the same factual predicate. *See Paul v. Gonzales,* 444 F.3d 148, 156 (2d Cir.2006).

Additionally, substantial evidence supports the IJ's determination that Chen failed to meet his burden of proof for CAT relief on the basis of his alleged illegal departure from China. *See Mu Xiang Lin v. U.S. Dep't of Justice,* 432 F.3d 156, 159–60 (2d Cir.2005) (finding that general evidence "that any individual detainee in China may be subjected to repressive conditions in prison" is insufficient to compel a finding that a specific alien would more likely than not be tortured).

For the foregoing reasons, the petition for review is DENIED.